UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEAVONE NORVELL, CDCR #AA-0214,<br><br>Plaintiff,<br><br>vs.<br><br>S. ROBERTS, M.D.; JUSTIN B. KING; MARCUS POLLARD,<br><br>Defendants. | Case No.: 3:20-CV-0512 JLS (NLS)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**<br><br>(ECF Nos. 2, 6) |

Plaintiff Anthony Leavone Norvell, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff seeks to sue his treating physician at Alvarado Hospital, Dr. Justin King; RJD's Chief Medical Executive, Dr. D. Roberts; and Warden Marcus Pollard, alleging they all failed to provide him adequate medical care for a hernia. *See id.* at 10–16.

/ / /

Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. He has also submitted a "Motion to Appoint Counsel." *See* ECF No. 6.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. *See* ECF No. 4. Plaintiff's statement shows that he had no available funds to his credit at the time of filing. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Motion for Appointment of Counsel**

Plaintiff also requests that the Court appoint him counsel due to his indigence and the complexity of the issues involved in this case. *See* ECF No. 6 at 2.

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case, *see Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of
///

success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pled, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims.

Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 6).

### III.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### *A.   Legal Standard*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Plaintiff's Factual Allegations

On May 23, 2019, Plaintiff suffered from "cramps [and] unbearable pain" in his abdomen which was in the same location as his "abdominal hernia." Compl. at 3. Plaintiff "notified multiple housing officers [and] housing medical staff for [four] days" about the pain he was experiencing and that he discovered blood in his stool. *Id.* Plaintiff also claims that he was unable to eat, as well as having difficulty sleeping due to his "hernia giving [him] extreme pain." *Id.* Despite his complaints, Plaintiff alleges that he was refused medical attention. *See id.*

Plaintiff went to "pill call" where his blood pressure was taken and determined to be "high due to [his] abdominal hernia." *Id.* Plaintiff claims that Ivory, a registered nurse, "tried to deny [him] medical care" while other "nurses put [him] on a gurney travel kit

///

[and] plac[ed] [Plaintiff] in the ambulance."[2]  *Id.*  Plaintiff was "sent to outside hospital treatment" at Alvarado Hospital.  *Id.*

Plaintiff met with Defendant King, a surgeon at Alvarado Hospital.  *Id*. at 4.  Plaintiff explained to King about his "uncontrollable abdominal pain in [his] left side" and his inability to eat or sleep due to "extreme measures of pain in [his] hernia area."  *Id.*  Plaintiff also informed King of the discovery of "blood in [his] stool."  *Id.*  However, Plaintiff contends King "refus[ed] to proceed with [Plaintiff's] abdominal hernia surgery" due to Plaintiff's "obesity (morbid)."  *Id.*  King informed Plaintiff that he needed to lose fifty to hundred pounds "in order to receive any type of hernia surgery."  *Id.*

Plaintiff seeks suspension of Defendants' medical licenses, abdominal surgery, and $3,700,000 in punitive damages.  *Id.* at 7.

### C.   42 U.S.C. § 1983 Supervisory Liability Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

Plaintiff names D. Roberts, RJD's Chief Medical Executive, and Marcus Pollard, RJD's Warden as Defendants.  Compl. at 1–2.  Plaintiff identifies Roberts by his title but does not mention Roberts again in the body of his pleading, and does not explain the role he or she may have played in any decisions any named Defendant is alleged to have made regarding his medical care or need for a second hernia surgery.  "[A] defendant may not be held liable under § 1983 merely because he had certain job responsibilities."  *Hernandez v. Aranas*, No. 218CV00102JADBNW, 2020 WL 569347, at *4 (D. Nev. Feb. 4, 2020) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  As for Pollard, Plaintiff claims

---

[2] Ivory is not a named Defendant.

1   that he requested to see Pollard on several occasions, but he does not allege that Pollard
2   was ever aware of his medical condition or if Pollard was aware that Plaintiff had tried to
3   contact him.  *See* Compl. at 5.
4         In short, Plaintiff fails to include any "further factual enhancement" to show how, or
5   to what extent, Dr. Roberts or Warden Paramo may be held personally liable for any
6   constitutional injury.  *See Iqbal,* 556 U.S. at 676–77; *Jones v. Comm'ty Redev. Agency of*
7   *City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege
8   with at least some degree of particularity overt acts which defendants engaged in" in order
9   to state a claim).  "Vicarious liability is inapplicable to . . . § 1983 suits, [and] a plaintiff
10  must plead that each Government-official defendant, through [his] own individual actions,
11  has violated the Constitution," in order to plead a plausible claim for relief.  *Iqbal*, 556 U.S.
12  at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (noting supervisor
13  may be held liable under § 1983 only if there is "a sufficient causal connection between
14  the supervisor's wrongful conduct and the constitutional violation") (citations and internal
15  quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (holding that
16  when a named defendant holds a supervisorial position, the causal link between the
17  defendant and the claimed constitutional violation must be specifically alleged); *Victoria*
18  *v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983
19  arises only upon a showing of personal participation by the defendant.").
20        Plaintiff's Complaint is simply devoid of any factual allegations sufficient to show
21  that either Dr. Roberts or Warden Pollard "participated in or directed [Dr. King's alleged]
22  violations or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880
23  F.2d 1040, 1045 (9th Cir.1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009);
24  *accord Starr*, 652 F.3d at 1207–08 ("A supervisor can be liable in his individual capacity
25  for his own culpable action or inaction in the training, supervision, or control of his
26  subordinates; for his acquiescence in the constitutional deprivation; or for conduct that
27  showed a reckless or callous indifference to the rights of others.").
28  ///

For these reasons, the Court dismisses Dr. Roberts and Warden Pollard as parties to this action *sua sponte* based on Plaintiff's failure to state a plausible claim for relief against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2). *See Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### D.  *Eighth Amendment Medical Care Claims*

To state an Eighth Amendment inadequate medical care claim, Plaintiff must first allege he suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

At the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered an injury grave enough to require medical attention is sufficient to show he suffered an objectively serious medical need. *See McGuckin*, 914 F.2d at 1059. However, Plaintiff must also allege facts sufficient to demonstrate Dr. King acted with "deliberate indifference" to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)). Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105–07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Here, Plaintiff alleges that Dr. King refused to perform the hernia surgery until Plaintiff lost "50–100 pounds" due to his "morbid" obesity. Compl. at 4. This amounts to a difference of opinion as to the proper course of care and medical treatment. To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Defendant's acts or omissions must entail more than Plaintiff alleges in his Complaint—an isolated act of alleged negligence or lack of due care. *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted).

Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth Amendment inadequate medical care claim against Dr. King. Therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**IV.  Conclusion and Orders**

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 6).

///

5) **DISMISSES** Plaintiff's Complaint sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated: May 11, 2020

Hon. Janis L. Sammartino
United States District Judge