UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEAVONE NORVELL, CDCR #AA-0214,<br><br>                              Plaintiff,<br><br>vs.<br><br>S. ROBERTS, M.D.; JUSTIN B. KING; MARCUS POLLARD,<br><br>                              Defendants. | Case No.: 3:20-CV-0512 JLS (NLS)<br><br>**ORDER: (1) DENYING MOTION TO APPOINT COUNSEL; AND**<br>**(2) DISMISSING FIRST AMENDED COMPLAINT**<br><br>(ECF No. 9) |

## I.    Procedural History

On March 18, 2020, Plaintiff Anthony Leavone Norvell, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.  Plaintiff sought to sue his treating physician at Alvarado Hospital, Dr. Justin King, RJD's Chief Medical Executive, Dr. D. Roberts, and Warden Marcus Pollard, alleging they all failed to provide him adequate medical care for a hernia.  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), *see* ECF No. 2, and a "Motion to Appoint Counsel."  *See* ECF No. 6.

On May 11, 2020, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  ECF No.

7.  Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order.  Id. at .

On July 8, 2020, Plaintiff filed his First Amended Complaint ("FAC").  *See* ECF No. 8.  In addition, Plaintiff has filed a new Motion to Appoint Counsel.  *See* ECF No. 9.

## II.  Motion for Appointment of Counsel

Plaintiff requests that the Court appoint him counsel due to his indigence and the complexity of the issues involved in this case.  *See* ECF No. 9 at 2.

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)).  But there is no constitutional right to counsel in a civil case.  *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity.  *Id.*

As currently pled, Plaintiff's FAC demonstrates that, while he may not be formally trained in law, he nevertheless is fully capable of articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103.  Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims.  Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 9).

## III.  Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.  *Legal Standard*

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the

Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  *Plaintiff's Factual Allegations*

Plaintiff claims he was working in his assigned kitchen job in May of 2019 when he began "having a little sharp stomach pain." (FAC at 2.) Plaintiff was "released back to housing" and tried to "notify medical staff" about his stomach pain. (*Id.*) On May 23,

2019, Plaintiff went "man down" because for a few days he was unable to eat and was "denied medical attention." (*Id.*)

Even though Plaintiff alleges he had "blood in [his] stool," he claims he had "no choice" but to return to his job or he would "get an RVR 115 disciplinary report," as well as potentially losing his good time credits. (*Id.*) Plaintiff alleges "Nurse Ivory" argued with other medical personnel and opposed sending Plaintiff to an "outside hospital." (*Id.*)

Plaintiff claims he was "denied medical surgery" for his hernia. (*Id.*) Plaintiff alleges he "reported multiple complaints" regarding his hernia. (*Id.*) Plaintiff has been "assigned multiple pain medications from Alvarado Hospital" which purportedly were "swapped out for regular Tylenol or Ibuprofen." (*Id.*)

Plaintiff "arrived at Alvarado Hospital" on May 23, 2019. (*Id.* at 3.) Plaintiff informed the "general surgical doctor" that he was having "massive pain" in his "left side, upper stomach area." (*Id.*) Plaintiff alleges Doctor Justin King "scanned" Plaintiff's stomach area and ordered x-rays. (*Id.*) However, King purportedly told Plaintiff that he did not "qualify for surgery" because he was obese. (*Id.*) Plaintiff was "placed on medication" and had his "hernia pressed back in [his] stomach." (*Id.*) Plaintiff was returned to the prison and told that he had to "lose the weight" in order to be eligible for surgery. (*Id.*)

Plaintiff seeks injunctive relief, unspecified compensatory damages, and $3,700,000 in punitive damages. (*See id.* at 5.)

### C.   *42 U.S.C. § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

///

///

### D. *Supervisory liability: Defendants D. Roberts and Pollard*

Plaintiff names D. Roberts, RJD's Chief Medical Executive, and Marcus Pollard, RJD's Warden as Defendants. (FAC at 1–2.) Plaintiff identifies Roberts by his title but does not allege any facts that suggest Roberts played any direct role in Plaintiff's medical care. Instead, Plaintiff alleges only that Roberts "is responsible for a medical staff." (FAC at 2.) As for Pollard, Plaintiff only claims that Pollard is "responsible for all conditions of [RJD] due to being the Warden." (FAC at 4.) However, like Roberts, Plaintiff fails to allege any facts that Pollard was aware of Plaintiff's medical condition or played any direct role in Plaintiff's medical care.

In short, Plaintiff again fails to include any "further factual enhancement" to show how, or to what extent, Dr. Roberts or Warden Paramo may be held personally liable for any constitutional injury. *See Iqbal,* 556 U.S. at 676–77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "Vicarious liability is inapplicable to . . . § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant."); *Hernandez v. Aranas*, No. 218CV00102JADBNW, 2020 WL 569347, at *4 (D. Nev. Feb. 4, 2020) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] defendant may not be held liable under § 1983 merely because he had certain job responsibilities.").

Plaintiff's Complaint is simply devoid of any factual allegations sufficient to show that either Dr. Roberts or Warden Pollard "participated in or directed [Dr. King's alleged] violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *accord Starr*, 652 F.3d at 1207–08 ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

For these reasons, the Court dismisses Dr. Roberts and Warden Pollard as parties to this action *sua sponte* based on Plaintiff's failure to state a plausible claim for relief against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1)–(2); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### E.    *Eighth Amendment medical care claims: Defendant King*

To state an Eighth Amendment inadequate medical care claim, Plaintiff must first allege he suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

At the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered an injury grave enough to require medical attention is sufficient to show he suffered an objectively serious medical need. *McGuckin*, 914 F.2d at 1059. In addition, however, Plaintiff must allege facts sufficient to demonstrate Dr. King acted with "deliberate indifference" to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference

. . . manifested by prison doctors in their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105–07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff alleges that Dr. King refused to perform the hernia surgery until Plaintiff lost weight due to his purported obesity. (FAC at 2.) This amounts to a difference of opinion as to the proper course of care and medical treatment.

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Defendant's acts or omissions must entail more than Plaintiff alleges in his Complaint—an isolated act of alleged negligence and lack of due care. *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted).

Accordingly, the Court finds that Plaintiff's FAC fails to state an Eighth Amendment inadequate medical care claim against Dr. King and that, therefore, Plaintiff's claim is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### IV. Conclusion and Orders

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 9);

2) **DISMISSES** Plaintiff's FAC *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

///

3)       **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with Local Rule 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated:  August 4, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge