UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHANEY LEAVONE NORVELL, CDCR #AA0214,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>S. ROBERTS, M.D.; JUSTIN B. KING; MARCUS POLLARD,<br><br>　　　　　　　　　　Defendants. | Case No.  3:20-cv-0512-JLS-NLS<br><br>**ORDER: (1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b); AND (2) DISMISSING FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT**<br><br>(ECF No. 8) |

Plaintiff Anthony Leavone Norvell, while housed at the Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 18, 2020. *See* Complaint ("Compl.," ECF No. 1).

**I.　Procedural History**

On May 11, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* ECF No. 7. Plaintiff was advised of his pleading deficiencies and granted forty-five (45) days' leave in which to file

an Amended Complaint that fixed those deficiencies. *Id.* at 9–10.

On July 8, 2020, Plaintiff filed his First Amended Complaint ("FAC"). *See* ECF No. 8. Once again, the Court dismissed Plaintiff's FAC for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* ECF No. 8. Plaintiff was again granted forty-five (45) days' leave in which to file an Amended Complaint to fix the deficiencies of pleading identified in the Court's Order. *Id.* at 8.

Even allowing for extra time due to the Plaintiff failing to initially receive the Court's August 4, 2020 Order,[1] Plaintiff's Amended Complaint was due on or before October 19, 2020. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's August 4, 2020 Order.

///
///
///
///
///

---

[1] The Court's Order was initially returned "undeliverable." (ECF No. 12.) However, the Court confirmed Plaintiff's address was correct with the CDCR and mailed another copy of the Order on September 4, 2020. (*See* ECF No. 12.) *See also* CDCR Inmate Locator, https://inmate.locator.cdcr.ca.gov (last visited Sept. 4, 2020 and Nov. 23, 2020).

1
2
3
4
5
6
7
...
28

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

    **IT IS SO ORDERED**.

Dated: December 29, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge